IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Farentino Chino Ponder, #00199546,  )<br>  )<br>    Petitioner,   )<br>  )<br>v.   )<br>  )<br>Warden, MacDougall Correctional   )<br>Institution,   )<br>  )<br>    Respondent.   )<br>_____) | Civil Action No. 2:21-2642-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court on Petitioner Farentino Chino Ponder's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

  On July 15, 2022, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this § 2254 petition without prejudice and without requiring Respondent to file a response based on Petitioner's failure to exhaust his available state remedies. Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy. On August 3, 2022, the Magistrate Judge's Report was returned as undeliverable, and it was re-mailed to Petitioner the same day. To date, however, no objections have been filed.

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge that the instant § 2254 petition should be dismissed because Petitioner has yet to exhaust his available state remedies.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 15) and dismisses this action without prejudice and without requiring Respondent to file an answer or return.  Petitioner may re-file a petition under § 2254 once he has exhausted his state court remedies, and the Court cautions Petitioner that the AEDPA sets forth a one-year statute of limitations for filing a habeas corpus petition under § 2254. *See* 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 22, 2022
Charleston, South Carolina

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.